OPINION of the Court, by
Ch. J. Boyle.
This was an action for the trover jmd conversion of a horse. A, verdict was given for the defendant and a judgment rendered thereon, to which the plaintiff prosecutes'this writ of error.
The only point which merits serious consideration, grows out of a bill of exceptions take.n to the opinion of the court overruling the plaintiff’s application for a new trial. The evidence stated i^ the bill of exception-1 shews that the plaintiff found the horse in the possession *285 pf a man apprehended ,for felony, and upon the suppo-gition that the horse had been stolen, detained him in his possession, and now seems to set up claim tahim in the character of a stray. But he does not appear to have performed the requisites, or to have kept the horse for the length of time which under the act concerning stravs would vest the right of property in him as the ta- , ‘ 1 J feeTUp* ^
ell« fua!ly loft anj come to the a* nother by fin4-ing or 0I;hcr lawful means, ⅛ firmer P°i-¿.¿⅛⅛’trover again» the lat-"
^ On the part of the defendant it was proven that he had purchased the horse of a stranger of genteel appear-anee, tora price adequate to his value, and without any knowledge of the plaintiff’s claim. ,
How the stranger acquired the horse does not pear. Had he without title obtained him by tortiously violating the possession of the plaintiff, the latter might unquestionably have reclaimed him while he remained ½ the hands of the tort feasor : but in the absence of all proof to substantiate the fact, we ought not perhaps to presume such to have been the case ; and if he either had title, or had acquired the horse as' a stray, without the possession of the plaintiff, we apprehend he would not have been liable to the plaintiff’s action. In the former case no doubt could arise, as the right would be wholly on the side of the defendant. In the latter case both parties might be considered as the finders of that which had been lost. Whilst the horse remained ⅛ the .actual or legal possession of the plaintiff, for any injury •done to that possession he had a right to maintain an •action against any person.but the real owner ; but when he had strayed from his possession, animo non rever-tendi, the next finder had the same right to the horse, and might in like manner have maintained an action for an injury done to his possession, against any one except the proprietor. In such a case, therefore, the rights of the parties would be equal, and the maxim pari jure meiior est conditio possidentis would emphatically apply, :Jf then the plaintiff could not have maintained his action •against the person from whom the defendant purchased, it necessarily follows that he could not maintain it against the defendant.
The judgment must be affirmed with costs.